Zhou v. Barr

BIA
Poczter, IJ
A208 618 203

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

YULING ZHOU,
> *Petitioner,*

v.                                      **17-4081**
                                        **NAC**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuling Zhou, a native and citizen of the People's Republic of China, seeks review of a December 1, 2017 decision of the BIA affirming an April 3, 2017 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuling Zhou,* No. A208 618 203 (B.I.A. Dec. 1, 2017), *aff'g* No. A208 618 203 (Immig. Ct. N.Y. City Apr. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zhou was not credible.

The agency reasonably relied on discrepancies between Zhou's application and testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67. Zhou testified that her mother told her that police officers were looking for her for three to four weeks after she left China, but she did not include this information in her asylum

3

application. The agency did not err in relying on this omission. *See Hong Fei Gao*, 891 F.3d at 78–79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). Nor did the agency err in relying on the omission of this information from her mother or uncle's letters. While we have held that a third party's omission is less probative of credibility in a situation where the omission does not create any inconsistency with the applicant's account, here, the omission deals with facts that one would expect to be included in supporting letters. *Id.* at 78–79, 81. While Zhou argued that no one told her relatives what to include in their letters, the IJ was not compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony." (internal quotation marks omitted)).

The agency also reasonably relied on inconsistencies and omissions relating to whether Zhou left her house to report

4

to the police after her release from detention. *See* 8 U.S.C. § 1158(b)(i)(B)(iii). Zhu testified on direct that a condition of her release was to report to the police station, and that she reported about 14 times, but she failed to offer this information on cross examination until specifically prompted. Moreover, the letters from Zhou's mother and uncle did not mention this reporting requirement and thus did not rehabilitate Zhou's testimony as to either the reporting requirement or the police seeking to locate her after her departure from China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). In addition to the fact that the letters did not corroborate these aspects of Zhou's testimony, the IJ was not required to credit letters from family members who were unavailable for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and upholding BIA's decision not to credit letter from spouse in China).

5

Given these discrepancies and lack of corroboration, the adverse credibility determination is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```